Wyly, J.
The defendant, who was sued as an indorser of a promissory note, appeals from a judgment condemning him to pay a balance of some $4800 due on said note.
Besides the general denial the answer sets up a special defense that at the time the note in suit was discounted by plaintiff, certain shares-of the stock of the Mexican Gulf Ship Canal Company were given in pledge, or as collateral security, that “plaintiff, instead of availing itself of the collateral security, in its hands at the time of the maturity of the note to satisfy the same, held the aforesaid stock for several months, and until it had largely depreciated in value. And respondent further shows that at length, that is to say in the month of March or April, 1873, the said bank assumed to make a private sale of the stock aforesaid, and that said stock was so disposed of without any warrant of law. Respondent shows that plaintiff had no. authority to dispose of said collateral security except by sale at public auction j” and the amount plaintiff pretends to have realized, and which is credited on the note, was not the value of said stock; that if it had been sold at public auction it would have yielded enough to pay the balance due on said note.
This special defense is not established by the evidence in the record. Under the contract of pledge the plaintiff had special authority to sell the collaterals at public or private sale at its option. Furthermore, we find in the record the following written request of the defendant to plaintiff to sell the stock:
“New 'Orleans, March 29, 1873. W. Yan Norden, president of the Louisiana Savings Bank: I wish you to sell the stock of the Mississippi and Mexican Gulf Canal Company, pledged to your bank to secure a note oí the canal company indorsed by me. CYRUS BUSSEY.”
A few days thereafter, that is to say, on the second of April, 1873, the stock was sold and the proceeds credited on the note. The attempt *473 to prove the stock was worth more than the amount realized by plaintiff was a failure. Notwithstanding the allegations of the answer and the written request of the defendant, he contends in his brief that the authority to sell in the contract of pledge was stricken with nullity by article 3165 of the Revised Code. That article was amended on the twenty-third February, 1872, so as to make it lawful for the pledger to authorize the sale or other disposition of the property pledged in such manner as may be agreed on by the parties without the intervention of the courts of justice.
The note in suit was made subsequently, to wit: On the second of April, 1872, and in the answer the defendant alleges that “at the time the note was taken for discount by the bank, plaintiff accepted as collateral security for the payment of the note one hundred and twenty shares of the stock of the Mississippi and Mexican Gulf Ship Canal Company.” According to the judicial admissions of the defendant, therefore, it appears that the pledge was taken after the amendment of article 3165.
It is unnecessary to notice the bills of exceptions, as the judgment appealed from is correct in view of all the evidence in the record.
Judgment affirmed.